**In the Matter of Arthur D. FRANK, Jr.**

**No. 98–0001–M.P.**

Supreme Court of Rhode Island.

Feb. 5, 1998.

David Curtin, Chief Disciplinary Counsel, Providence, for Plaintiff.

Arthur D. Frank, Fall River, MA, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case comes before the court pursuant to a petition for the imposition of reciprocal discipline filed by the Supreme Court Disciplinary Counsel. The respondent, Arthur D. Frank, Jr., is a member of both the Bar of the Commonwealth of Massachusetts and that of the State of Rhode Island. The pertinent facts giving rise to this proceeding are as follows.

In February of 1991 respondent was retained by a client to represent him in a claim for wrongful termination of his employment. The client was a resident of Massachusetts, and the former employer was located in Rhode Island. The respondent had agreed to initiate litigation in the Rhode Island courts if attempts to settle the dispute were not successful.

On May 30, 1991, respondent forwarded a demand letter to his client's former employer, seeking a settlement in the amount of $52,934.37. The former employer did not respond to this demand letter. In December of 1991 the former employer forwarded to respondent's client a commission fee in the amount of $1,496.25.

The respondent did no further significant work on the client's case until April of 1995. The client was led by respondent to believe that litigation had been instituted against the former employer and that he was waiting for the case to be heard by the court. In fact no suit had been filed by respondent on behalf of his client.

In April of 1995 the client made a number of telephone calls to respondent, inquiring about the status of his case. It was at that time that respondent researched the merits of the client's case and concluded that, in his opinion, Rhode Island law did not support the client's claim. On April 10, 1995, respondent advised his client of that conclusion and also informed the client that he had not filed suit against the former employer.

The client subsequently filed a complaint against respondent with the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts. On August 13, 1997, respondent, having stipulated to the above-noted facts, was publicly reprimanded for violating Disciplinary Rules DR 1–102(A)(4), DR 1–102(A)(6), DR 6–101(A)(2), and DR 6–101(A)(3) of the Code of Professional Responsibility. At all pertinent times to this proceeding, the ethical obligations of attorneys admitted to practice in the Commonwealth of Massachusetts were set forth in the code. The applicable code provisions provide as follows: DR 1–102(A)(4)—"A lawyer shall not: * * * [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation"; DR 1–102(A)(6)—"A lawyer shall not: * * * [e]ngage in any other conduct that adversely reflects on his fitness to practice law"; DR 6–101(A)(2)—"A lawyer shall not: * * * [h]andle a legal matter without preparation adequate in the circumstances"; and DR 6–101(A)(3)—"A lawyer shall not: * * * [n]eglect a legal matter entrusted to him."

This court adopted the Rules of Professional Conduct on November 1, 1988, and those rules supersede the prior Code of Professional Responsibility in this jurisdiction. However, those same principles, with the exception of DR 1–102(A)(6), are embodied within the present rules. The applicable rules, if the misconduct had occurred in this jurisdiction, are Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct, which mirrors the provisions of DR 1–102(A)(4); Rule 1.1, which provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation"; and Rule 1.3, which provides, "A lawyer shall act with reasonable diligence and promptness in representing a client." The Rules of Professional Conduct contain no similar provision to DR 1–102(A)(6).

Pursuant to Article III, Rule 14, of the Supreme Court Rules of Disciplinary Procedure, it is the duty of Disciplinary Counsel to obtain a certified copy of a disciplinary order entered in another jurisdiction against a member of the bar of this state and file it with the court. This order was filed on September 24, 1997, and respondent was ordered to show cause, if any, why the imposition of identical discipline was not warranted. Article III, Rule 14(d), provides, in pertinent part, that this court shall impose identical discipline,

"unless [Disciplinary] Counsel or the respondent-attorney demonstrates, or this court finds, that upon the face of the record upon which the discipline is predicated, it clearly appears: (1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) that there was such an

infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or (3) that the imposition of the same discipline would result in grave injustice; or (4) that the misconduct established has been held to warrant substantially different discipline in this State."

On November 14, 1997, the respondent appeared before this court. He did not contest the findings of the Board of Bar Overseers or claim that the proceeding before that board constituted a denial of due process. Our review of the record leads us to conclude that this misconduct would not be held to warrant substantially different discipline in this state.

Accordingly the invocation of the reciprocal discipline rule is appropriate in these circumstances. The respondent, Arthur D. Frank, Jr., is hereby publicly censured.