## In the Matter of Philip F. FILOSA.

## No. 2009–15–M.P.

Supreme Court of Rhode Island.

Jan. 16, 2009.

David Curtin, Disciplinary Counsel.

Philip F. Filosa.

### O R D E R

This attorney disciplinary case is before the court pursuant to a petition for the imposition of reciprocal discipline filed by the Supreme Court Disciplinary Counsel (counsel) in accordance with the provisions of Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure. Philip F. Filosa, the respondent, is an attorney admitted to the practice of law in the Commonwealth of Massachusetts and in the State of Rhode Island.

On October 10, 2008, the Board of Bar Overseers of the Commonwealth of Massachusetts entered an order publicly reprimanding the respondent for engaging in professional misconduct. On November 3, 2008, counsel filed a certified copy of that order with this Court and submitted a petition requesting that we impose reciprocal discipline. On November 20, 2008, we issued an order directing the respondent to inform this Court within thirty days of any claim he may have that the imposition of identical discipline would be unwarranted, and the reasons in support of such a claim. Our order further informed the respondent that failure to show cause why

identical discipline should not be imposed would result in the entry of an order, with no further notice, publicly censuring him. The respondent did not file any pleading in response to our order.[1]

■ Article III, Rule 14(d) of the Supreme Court Rules provides that when another jurisdiction[2] imposes discipline upon a lawyer admitted to practice law in this state, this Court shall impose identical discipline unless counsel or the respondent demonstrates, or this Court finds on the face of the record that it

"clearly appears:

"(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or

(3) that the imposition of the same discipline would result in grave injustice; or

(4) that the misconduct established has been held to warrant substantially different discipline in this State."

The respondent has not made any claim that any of the above-noted exceptions are present in this case, and our independent review of the record satisfies us that the imposition of identical reciprocal discipline is appropriate.

■ The facts giving rise to this proceeding are as follows.[3] The respondent

---

1. The respondent did notify counsel by letter that he had no objection to the imposition of reciprocal discipline.

2. This court has previously determined that the imposition of a public reprimand by the Massachusetts Board of Bar Overseers constitutes "discipline" for purposes of invoking the

reciprocal discipline rule in this state. *Matter of Frank,* 706 A.2d 927, 929 (R.I.1998).

3. These facts are set forth more fully in a summary compiled by the Board of Bar Overseers based on the record of the proceeding before the board. A copy of that summary was attached to the board's order of repri-

met an eighty-three year old widow in 1997 or early 1998. They enjoyed a close personal relationship as good friends. In October of 2002 she requested that he prepare a will for her, and that he take charge of her personal, business and health matters.

She asked the respondent to draft a will making relatively small specific requests, with the remainder of her estate to be left to the respondent. She advised the respondent that she had no living relatives. The respondent advised her to contact another attorney to draft the will; however, she declined to engage the services of another attorney. The respondent agreed to draft the will, provided that she have another attorney of her choice review the will with her. She chose the respondent's law partner to review the will, and the will was executed.

The widow passed away in December of 2003. At the time of her death her personal estate was valued at $177,019 according to the first and final account filed with the probate court, and the value of the residuary bequest to the respondent was $154,475. All interested parties assented to the first and final account, which was approved by the probate court.

Rule 1.8(c) of the Massachusetts Rules of Professional Conduct provides "[a] lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee." An identical rule was in effect in this state at all times relevant to this proceeding.[4] See Article V, Rule 1.8(c) of the Supreme Court Rules of Professional Conduct (2006).

It is undisputed that the respondent is not related to the testator. The residuary bequest to the respondent is clearly substantial both in terms of dollar amount and as a percentage of the total estate assets. Rule 1.8(c) establishes a clear prohibition against an attorney preparing a will for an unrelated client pursuant to which the attorney will receive a substantial gift. This rule was violated when the respondent prepared the will, and subsequent "independent review" by respondent's law partner did not cure the violation.

Accordingly, it is hereby ordered, adjudged and decreed that the respondent, Philip F. Filosa, is publicly censured.

---

mand and counsel's petition. The respondent did not assert any dispute with the facts as set forth in that summary.

4. This court adopted amendments to the Supreme Court Rules of Professional Conduct, including Rule 1.8(c), that became effective April 15, 2007. However, those amendments did not change the import of the rule.